```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       OCALA DIVISION
```

FRANK LOUIS AMODEO,

        Petitioner,

v.                                     Case No. 5:18-cv-411-Oc-39PRL

WARDEN, FCC COLEMAN - LOW,

        Respondent.
_____

## ORDER

### I. Status

Frank L. Amodeo, a federal inmate, is the named Petitioner in this action. However, he is not the individual who signed and filed the Petition. Rather, a fellow inmate, Donovan Davis, Jr. initiated this case as Amodeo's "next friend" by signing and filing a Petition pursuant to 28 U.S.C. § 2241 for Writ of Habeas Corpus (Doc. 1; Petition).[1] In the Petition, Mr. Davis challenges Amodeo's 2009 conviction, asserting four grounds: Amodeo's incompetence; ineffective assistance of counsel; prosecutorial and defense counsel misconduct; and prejudice or bias of the trial judge. See Petition at 1, 6-8.[2]

---

[1] The Court notes Amodeo has signed subsequent filings (Docs. 12-17), acknowledging he authorized the filing of the Petition.

[2] Notably, Amodeo has previously filed § 2255 petitions challenging his 2009 conviction. See, e.g., Case Nos. 6:11-cv-1056-Orl-28GJK (dismissed without prejudice); 6:12-cv-641-Orl-28DAB (denying

Respondent moves to dismiss the Petition, stating Mr. Davis is not authorized to represent Amodeo's interests and the Court lacks jurisdiction because the Petition is second or successive under § 2255 (Doc. 11; Response). Mr. Davis has replied (Doc. 12; Reply).

## II. "Next Friend" Status

Mr. Davis cites 28 U.S.C. § 2242 as extending authority for him to proceed as Amodeo's next friend. Reply at 2. Mr. Davis says Amodeo has been declared or recognized incompetent by multiple courts and is prohibited from filing on his own behalf. Id. at 4-5. Mr. Davis explains Amodeo does not understand why he is in prison and believes "God has placed him in prison in order to strip him of all his worldly possessions." Petition at 10. Mr. Davis acknowledges he is not a lawyer but has been incarcerated with Amodeo for three years (as of August 2018) and is familiar with Amodeo's mental illness and litigation history. Id. at 10; Reply at 6. He asks that the Court appoint an attorney for Amodeo to protect Amodeo's "health and liberty interests," stating Amodeo

---

petition as untimely, rejecting Amodeo's claim of actual innocence, and declining to extend equitable tolling because Amodeo did not demonstrate his mental illness caused him to file the petition late); 6:16-cv-565-Orl-28GJK (dismissed without prejudice as second or successive); 6:16-cv-591-Orl-28GJK (dismissed without prejudice as second or successive).

has a variety of medical problems for which the prison is not providing proper treatment. Reply at 5-6.

Section 2242 provides, "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of this statutory provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a prisoner who, because of incompetence, is unable to initiate a habeas action himself. See Whitmore v. Arkansas, 495 U.S. 149, 162 (1990). See also Ford v. Haley, 195 F.3d 603, 624 (11th Cir. 1999) ("In habeas corpus cases, courts have long permitted a next friend to proceed on behalf of a prisoner who is unable to seek relief himself."). The Supreme Court has cautioned, however, that "'[n]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Whitmore, 495 U.S. at 163.

While a person seeking next friend status need not be a lawyer, he carries the burden to establish the propriety of the status. Whitmore, 495 U.S. at 164. First, the would-be next friend must provide an adequate explanation for the necessity of the designation, such as the real party's mental incompetence or lack of access to the courts. Id. at 163. This prerequisite is not satisfied if the real party's "access to the court is otherwise unimpeded." Id. at 165. Second, the individual must "be truly

3

dedicated to the best interests of the person on whose behalf he seeks to litigate." Id. A would-be next friend may demonstrate he is dedicated to the real party's interests, for example, by showing there is some "significant relationship" between the two. Id. at 164. See also Weber v. Garza, 570 F.2d 511, 513-14 (5th Cir. 1978) (ruling the person seeking to use the "next friend" device must demonstrate why the real party is not able to proceed on his own behalf and establish the requisite relationship).[3]

The Court finds Mr. Davis fails to carry his burden to proceed on behalf of Amodeo under § 2242's "next friend" provision. As to the first Whitmore element, the Court takes judicial notice that a Florida state court appointed Mr. Charles T. Rahn to serve as a limited guardian for Amodeo. See Order (Doc. 6), Case No. 6:16-cv-565-Orl-28GJK (recognizing Mr. Rahn is a court-appointed guardian for Amodeo and referencing the appointment order, dated June 9, 2015, which permits Mr. Rahn to initiate, defend, or settle lawsuits on Amodeo's behalf).[4] Mr. Rahn is presently assisting Plaintiff in pending matters, including one related to his 2009

---

[3] The Eleventh Circuit adopts as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981).

[4] After filing his Reply, Mr. Davis filed three notices and a supplement (Docs. 14-17) asking the Court to take judicial notice of recent court orders appointing counsel for Amodeo and a report dated June 13, 2017, in which a licensed psychologist found Amodeo still requires the assistance of a court-appointed guardian.

conviction and sentence. See Case No. 6:08-cr-176-Orl-28KRS; related Case No. 6:12-cv-641-Orl-28LRH.[5]

Not only does Amodeo have a court-appointed guardian, he also has shown at times a capacity to advocate on his own behalf. See, e.g., Case Nos. 6:12-cv-641-Orl-28DAB (habeas case in which the court noted Amodeo holds a law degree and initiated three habeas cases under § 2255 in which he filed hundreds of pages of documents); 6:16-cv-565-Orl-28GJK (petition for writ of habeas corpus filed by Amodeo); 6:16-cv-591-Orl-28GJK (petition for writ of habeas corpus filed by Amodeo). Mr. Davis himself acknowledges Amodeo tirelessly assists other inmates, up to thirty per day, with their court cases, saying Amodeo helps "the uneducated inmates that cannot articulate the[ir] claims to the court." Petition at 10.

Given Amodeo has a court-appointed guardian who continues to act on his behalf and Amodeo's ability to initiate cases and understand legal proceedings, Mr. Davis fails to demonstrate the necessity of the "next friend" device under § 2242. More specifically, despite Amodeo's mental illness, his "access to the court is otherwise unimpeded." Whitmore, 495 U.S. at 165. See also

---

[5] For example, on April 2, 2019, Mr. Rahn filed a notice of appeal and request for appointment of counsel on Amodeo's behalf. On June 4, 2019, the Court appointed counsel to represent Amodeo for a review of his sentence under the First Step Act. See Order (Doc. 306), Case No. 6:08-cr-176-Orl-28KRS.

5

Lonchar v. Zant, 978 F.2d 637, 642 (11th Cir. 1992) (holding the would-be next friend did not carry her burden because the evidence demonstrated the real party in interest understood the habeas proceedings and "could make a rational choice among his options"); Francis v. Warden, FCC Coleman-USP, 246 F. App'x 621, 623 (11th Cir. 2007) (declining to extend next friend status because the movant failed to explain the necessity for it other than asserting a marital relationship).

Mr. Davis also fails to demonstrate the second Whitmore element—that he is dedicated to Amodeo's best interests. Next friend status was not intended to provide an avenue by which "intruders and uninvited meddlers" should institute habeas proceedings. Whitmore, 495 U.S. at 164. A would-be next friend must demonstrate some significant interest in protecting the rights of the real party aside from a general desire to achieve a personalized sense of justice or to express dissatisfaction with another person's incarceration. See, e.g., id. ("[I]f there were no restriction on 'next friend' standing . . . the litigant asserting only a generalized interest in constitutional governance could circumvent the jurisdictional limits of Art[icle] III simply by assuming the mantle of 'next friend.'"); Sanchez-Velasco v. Sec'y of Dep't of Corr., 287 F.3d 1015, 1029 (11th Cir. 2002) (finding the would-be next friend did not demonstrate a dedication to the petitioner's best interests but rather appeared dedicated

6

to his own philosophical interests in expressing his opposition to the death penalty).

Mr. Davis appears driven by self-interest and a general desire to right a perceived wrong or achieve a subjective sense of justice for Amodeo. Mr. Davis states it is unfair Amodeo is incarcerated given that Amodeo does not understand where he is or why he is there. See Petition at 10. A particularly strong indication that Mr. Davis is driven by personal interests is the following statement he makes in the Petition: "What sparked my interest was the commonality between Frank and I. We shared the same district court judge. Judge Antoon presided over [Amodeo's] criminal case and a civil proceeding against me." Id. at 13. Mr. Davis then lists four civil cases, which he believes provide examples of Judge Antoon's bias or "erroneous" rulings. Id. at 14-16. Mr. Davis concludes with the following: "In all, Judge Antoon appears to rule in the light most favorable to Judge Antoon and not the case before him." Id. at 16.

While Mr. Davis expresses compassion for and familiarity with Amodeo's mental illness, compassion is not the standard for demonstrating the propriety of next friend status under § 2242. See Whitmore, 495 U.S. at 166 (noting that laudable sentiment and sympathy for a friend's plight does not establish the required "significant relationship" for next friend standing). Mr. Davis demonstrates no "significant relationship" with Amodeo; the only

7

relationship asserted is one of happenstance—they are both inmates at the same correctional institution and both have experience with the same district court judge. See Tyler v. Armontrout, 696 F. Supp. 1275, 1278 (E.D. Mo. 1988) (finding the status of "fellow inmates," without more, was an insufficient basis upon which to confer next friend standing) (citing Weber, 570 F.2d at 511).

For these reasons, Mr. Davis lacks standing under Article III, and the Court therefore lacks jurisdiction to consider the merits of the Petition. See Francis, 246 F. App'x at 623 (holding the district court was stripped of its jurisdiction over a habeas petition where the court denied the filing party next friend status).

Accordingly, it is now

**ORDERED:**

1. The Petition (Doc. 1) is **STRICKEN**, and the case is **DISMISSED without prejudice**.

2. The Court directs the **Clerk** to enter judgment dismissing the case without prejudice, terminate pending motions, and close the file.

3. In light of the Court's finding that Amodeo's access to the court is unimpeded in part because he has a court-appointed guardian, the Court directs the **Clerk** to send a copy of this Order to Amodeo's guardian, Mr. Charles T. Rahn.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of August, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Frank L. Amodeo, #48883-019
Donovan Davis, Jr., #60439-018
Counsel of Record

Charles T. Rahn
4589 Southfield Avenue
Orlando, FL 32812